JOHN DOE, ex dem., SAMUEL ADAMS, and others, plaintiffs in error, vs. RICHARD ROE, casual ejector, and HUGH McDONALD, tenant in possession, defendants in error.

To authorize a plaintiff in ejectment to use the name of a third person, as lessor, he must show that he has a *bona fide*, subsisting claim to the premises'

and that there is a connection between his title and that of the party, upon whose demise he seeks to recover; or that he has the authority of that person, in whom the paramount title is vested, to institute the suit, in his name.

Ejectment, in Hart Superior Court. Tried before the Honorable THOMAS W. THOMAS, presiding Judge, at July adjourned Term, 1859.

This was ejectment by John Doe, against Richard Roe, casual ejector, and Hugh McDonald, tenant in possession, for the recovery of a tract or parcel of land, situated in the county of Hart. The declaration contained five demises; the first from Samuel Adams; second, from William Dooly; third, from William W. Dooly, Mitchell N. Dooly, Barnabas J. Dooly, Van D. Garey and Lewis Stowers; fourth, from Barnabas J. Dooly; and fifth, from James E. Skelton, Littleton Skelton and John H. Skelton; the last named lessors being the real parties plaintiffs, and claiming the land in controversy.

*Brief of evidence for plaintiff.*

A grant from the State to Samuel Adams, dated 18th December, 1820. Next, a deed from Barnabas J. Dooly, to J. E. Skelton, John H. Skelton and Littleton Skelton, dated 5th December, 1856, for the premises in dispute. This deed was duly recorded.

Plaintiff then offered and read in evidence three receipts to Barnabas J. Dooly, one from Elizabeth Dooly, one from Lewis Stowers, and one from William W. Dooly, in full, respectively, of all their interest in the estate of William Dooly, deceased, and all dated 6th November, 1856.

*F. B. Hodges* sworn, testified: That as county surveyor, he surveyed the tract of land represented in the plat for James E. Skelton, John H. Skelton and Littleton Skelton; made the plat; made the survey partly in the Spring of 1857, and finished it in the fall of the same year, or Spring of 1858. Thinks the grant to Samuel Adams covers the land sued for;

found four corners of the old survey, as set forth in the grant to Adams; found all the branches as laid down in Adams's grant correctly described in his plat; found marked trees on most of the lines; poplar station on the branch laid down right.. The residence of Hugh McDonald was without the lines of said survey, but a portion of one of the fields in cultivation by him and his stables were within the survey, and he was in possession of the same at the time this suit was commenced.

*Cross-Examined.*—Found only four of the sixteen corners called for in the grant. One of the lines in the plat made by witness, is nearly half as long again as that called for by the grant, and at that point of the survey, there seems to be a mistake. Is not positive that the grant covers the land; is of opinion that the grant covers the land in dispute.

*In Reply.*—The tract of land is very irregular in shape; has more corners than usual; it is not unusual to find some mistakes in the courses and distances in a survey having the number of corners that this has, and in surveys as old as this; but more common in surveys that are older.

*Thomas B. Adams* testified: That he was a nephew of Samuel Adams; he was living last Spring; heard it through the family. He left this country some thirty years ago.

Here plaintiff closed.

### Evidence for defendant.

A grant from the State to D. M. Johnson, dated 29th January, 1856.

*W. C. Davis*, surveyor, testified: That he surveyed the tract of land described in the grant to Johnson, and that he believed it covered the premises in controversy.

*W. G. Delony, Esq.; J. Nash, Esq.; J. G. Justice, Esq.; P. E. Davant, Esq., and R. J. Millican, Esq.*, attorneys at law, all testified: That they were the attorneys for the Skelton's and had not been employed by any one else for the

prosecution of this case.    That the Skelton's only were their clients.

*James E. Skelton,* attorney at law, testified : That he represented himself, and J. H. Skelton and L. Skelton, and no others.    Did not know Samuel Adams; had heard of him; a few months ago he was living in Alabama.    Was not authorized by him to bring this suit, but thought, in law, he had a right to use his name for the assertion of his own rights; had received several letters from him, but did not have them in his possession ; had written a letter or two to Samuel Adams ; John H. Skelton, Davant and Justice had written to Adams; that he, witness, and John H. and L. Skelton were parties for whose benefit this suit was brought, and the case was principally prepared by himself and John H. Skelton.

*John H. Skelton,* testified : That he was not authorized by Adams to bring this suit; did the most of the correspondence with Adams.

*M. A. Johnson,* testified: That he heard McDonald say, that he was holding the land under D. M. Johnson; that McDonald had been living on the land several years.

Here defendant closed.

The Skeltons then executed and filed in office a bond, with security, to save Samuel Adams harmless against all costs in this suit.

The Court charged the jury, substantially as follows:

The action of ejectment is usually brought in a form that is fictitious ; this one is so brought.    John Doe and Richard Roe, about whom you have heard so much in this case, are fictitious names; no such persons probably ever existed ; the real parties in this suit are the lessors of the plaintiff, that is, the persons from whom John Doe says he obtained the premises by lease; these lessors are the real plaintiffs, and Hugh McDonald, tenant in possession, is the real defendant.

It is familiar knowledge in this sort of action, that the plaintiff must recover by the strenth of his own title, and not by the weakness of his adversary's. The defendant being in possession, that is sufficient title for him, unless plaintiff shows paramount title. A good and paramount title in law may be shown in some cases, by proving seven years or longer possession under certain circumstances, by the plaintiff or those under whom he claims, but it is needless to charge you the law governing such cases, because no possession has been shown in this case, either by any of the lessors of the plaintiff, who are the real plaintiffs, as I before stated, or by any one under whom they claim. The only question therefore, for you is, has a claim of title from the State down to any of the lessors of the plaintiff, been shown by the evidence; if such a title has been shown in any of the lessors, the plaintiff John Doe is entitled to recover on that demise. The Court then stated to the jury from the declaration, all the different demises laid, and told them that no evidence of a chain of title had been shown in any of the lessors except Samuel Adams, and after stating that they ought not to consider any of the demises, except that to Samuel Adams, proceeded as follows : Therefore, the sole question for your consideration, so far as the plaintiffs' case is concerned is, has a chain of title been shown in Samuel Adams. A grant to Samuel Adams has been introduced ; now if this grant covers the land in dispute, and you so believe from the evidence, then a paramount title has been shown in Samuel Adams, because his grant is older than the one shown by the defendant, and seven years possession by the defendant ,or those under whom he claims, has not been shown, and the plaintiff is entitled to recover on that demise, if the defendant was in possession at the time of the commencement of the suit, unless there exists in the defence set up some legal objection to such recovery. Now if you believe the grant to Samuel Adams covers the land, and that Hugh McDonald was in possession at the commencement of the suit, your

next inquiry will be, has the defendant any legal ground why the plaintiff ought not to recover on that demise. The defendant contends:

1st. That the demise was laid in the name of Samuel Adams without his consent or authority.

2d. There is no connection between the title of Samuel Adams and the title of the three Skeltons, whom the counsel Delony, Justice, Nash, Davant and Millican, state they represent, and in whose joint names one of the demises is laid.

3d. There is no *bona fide* title or pretense of title from Samuel Adams to said three joint lessors.

4th. That the evidence shows, that if a recovery is had under the demise to Samuel Adams, it will not enure and is not intended to enure to the benefit of said Samuel Adams.

I charge you, that if all four of these objections be true, according to the evidence, and you so believe them, then the plaintiff is not entitled to recover under the demise to Samuel Adams, notwithstanding the grant to him is the older, and covers the land in dispute; on the other hand, if the evidence fails to sustain either of them, the plaintiff is entitled to recover on that demise. With regard to the first objection, two of the lessors, James E. and John H. Skelton, state, that they considered themselves authorized to use the name of Samuel Adams, and that the only evidence of his consent or authority which they had, was certain letters, and the letters not being produced nor accounted for, I charge you, there is no evidence before you that Samuel Adams consented to, or authorized the use of his name as one of the lessors of the plaintiff. With regard to the second objection, I charge you that there is no evidence of any connection between the title of Samuel Adams and the title of the three joint lessors. the Messrs. Skeltons, whom the counsel Delony, Justice, Nash, Davant and Millican, state they represent. With regard to the third objection, my charge is, there is no evidence of any claim or pretense of title, whether *bona fide* or otherwise,

from Samuel Adams to the three joint lessors, the Messrs. Skeltons. Therefore, you, with regard to these objections, ought to be confined to the fourth. Now, if it has been shown that a recovery will not enure to the benefit of Samuel Adams, and was not intended to enure to his benefit, you ought to find for defendant, notwithstanding the grant to Samuel Adams was the older, and covers the land in dispute. On the other hand, if you believe the recovery, if any, will be for the benefit of Samuel Adams, you ought to find for the plaintiff on that demise, if the grant to Samuel Adams covers the land.

The jury returned a verdict for the defendant with costs of suit.

And the plaintiff by his counsel on this, the 7th day of August, 1859, it being within thirty days from the adjournment of said Court, tenders this his bill of exceptions, and excepts to said decision:

1st. Because the Court erred in charging the jury that if all four of the objections insisted upon by the defendant were true, according to the evidence, and so believed by them, then the plaintiff is not entitled to recover under the demise of Samuel Adams, notwithstanding the grant to him is the older, and covers the land in dispute.

2d. Because the Court erred in charging the jury, that there was no evidence before them that Samuel Adams consented to or authorized the use of his name, as one of the lessors of the plaintiff.

3d. Because the Court erred in its charge to the jury, that there was no evidence of any claim or pretence of title, whether *bona fide* or otherwise, from Samuel Adams to the three joint lessors, the Messrs. Skeltons.

4th. Because the Court erred in charging the jury, that the enquiry with regard to these objections, ought to be confined entirely to the fourth. Now, if it has been shown that a recovery in this case will not enure to the benefit of Samuel

Adams, and was not intended to enure to his benefit, you ought to find for the defendant, notwithstanding the grant to Samuel Adams is the older and covers the land in dispute.

5th. Because the Court erred in charging the jury that no evidence of a claim of title amounting to paramount title had been shown in any of the lessors except Samuel Adams, and that they ought not to consider any of the demises except that to Samuel Adams. And as the facts aforesaid do not appear of record, plaintiff by his counsel brings this his bill of exceptions, and prays that the same may be certified as required by the statute in such cases made and provided, in order that the errors complained of, may be examined and corrected.

NASH; MILLICAN; and DELONEY, for plaintiffs in error.

HESTER & AKERMAN, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

This was an action of ejectment brought to recover a tract of land in Hart county. There were several demises in the declaration. I need mention two only. One is in the name of Samuel Adams, to whom the land was granted by the State in 1820. The other a joint demise from three of the Messrs. Skeltons; the defendant, McDonald, holds under D. M. Johnson, to whom the land was granted in 1856.

Both grants cover the premises in dispute.

It appeared on the trial, that this suit was brought at the instance and for the benefit of the Messrs. Skeltons, and that Samuel Adams had given no authority to use his name; and that a recovery, if had, would enure to the sole use of the Skeltons. The title of the Skeltons was a deed from one Dooly, of a recent date, but there was not a particle of proof connecting Dooly's title with that of Adams, the original grantee.

Adams et al. vs. McDonald.

Upon this testimony the Judge ruled, and we think very properly, that the only recovery that could be had in the case, was upon the demise of Adams, and that if the evidence showed, as it clearly did, that the action was not brought by him, and that the recovery would not enure to his benefit, that they ought to find for the defendant. The jury returned a verdict in accordance with these instructions.

The point decided in this case, has been several times before this Court. And we have uniformly held, that to authorize a plaintiff in ejectment, to use the name of another, he must show some connection between his title and that of the person in whose name he sues, *Couch vs. Turner et al.,* 17 *Ga. Rep.* 487; *Kinsey vs. Sensbough et al. ibid.* 540; that he is not invoking the paramount outstanding title to rob others, but to protect himself. Were it otherwise, there would be no end to litigation. Suppose you turn out McDonald, and put the Skeltons in possession under Adams's title, what is to prevent McDonald or Johnson or some one else, from bringing ejectment against the Skeltons, by a demise in the name of Adams, and eject them?

It is suggested by Mr. Millican, *arguendo,* that should a new trial be awarded, they expect to be able to establish a privity between the title of Adams and the Skeltons. A new trial is not needed for this purpose. From the fictitious character of the action, the suit can be recommenced and the proof made, if it exists and can be procured.

We are of the opinion that the judgment below should be affirmed.

Judgment affirmed.